[656 NYS2d 618]

In the Matter of QAZI A. MOID, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 22, 1997

**APPEARANCES OF COUNSEL**

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Qazi A. Moid,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent, Qazi A. Moid, was admitted to the practice of law in New York by the Second Judicial Department on March 30, 1977. At all times relevant to this proceeding, respondent

has maintained an office for the practice of law within the First Judicial Department.

On or about August 28, 1996, respondent pleaded guilty in the United States District Court for the Southern District of New York, in satisfaction of a five-count indictment, to one count of conspiring to defraud the United States in violation of 18 USC § 1343, which is a felony under the United States Code. Respondent admitted to conspiring with others in his office to make material false statements in applications filed with the Immigration and Naturalization Service for individuals seeking asylum in the United States. Although respondent has not yet been sentenced, a conviction is defined as occurring at the time of a guilty plea (CPL 1.20 [13]; *Matter of David*, 145 AD2d 150).

By petition dated January 3, 1997, the Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted constitutes a "serious crime" under Judiciary Law § 90 (4) (f), and directing him, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made.

Respondent, who appears *pro se*, concedes that the crime of which he was convicted is a "serious crime" as defined by the Judiciary Law and the Rules of this Court and asks for a hearing to determine the appropriate sanction to be imposed in light of his serious health problems.

Accordingly, inasmuch as this is a serious crime, the petition should be granted and respondent should be suspended from the practice of law forthwith pursuant to Judiciary Law § 90 (4) (f) and until such time as the pending disciplinary proceeding has been concluded and until further order of this Court. Respondent should be ordered to show cause why a final order of suspension, censure or removal should not be entered against him.

MILONAS, J. P., NARDELLI, WILLIAMS, TOM and ANDRIAS, JJ., concur.

Petition granted, and respondent suspended from the practice of law forthwith, and until such time as the pending disciplinary proceeding has been concluded, and until the fur-

ther order of this Court. Respondent is ordered to show cause why a final order of suspension, censure or disbarment should not be made.