[664 NYS2d 523]

In the Matter of QAZI A. MOID, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 14, 1997

## APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the Second Judicial Department on March 30, 1977. At all times relevant to this proceeding, respondent maintained an

office for the practice of law within the First Judicial Department.

On April 22, 1997, this Court suspended respondent based upon his conviction of a serious crime, namely, conspiring to defraud the United States in violation of 18 USC § 1343, which is a felony under the United States Code, and directed him, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the Court, why a final order of censure, suspension or disbarment should not be made (*Matter of Moid*, 230 AD2d 396).

By motion dated July 24, 1997, the Committee seeks a further order, pursuant to 22 NYCRR 603.16 (c) (1) and Judiciary Law § 90 (2), suspending respondent from the practice of law, on the ground of physical incapacity due to coronary artery disease, for an indefinite period and until such time as respondent is physically able to participate in the previously ordered serious crime hearing.

When the Committee sought to depose respondent concerning the serious crime hearing, respondent notified the Committee that he had undergone bypass surgery in 1996, was still recuperating, and was physically unable to attend the deposition. Respondent attached letters from his physicians regarding his medical condition. The Committee also represents that respondent consents to the instant relief suspending him until such time as he is physically able to participate in the hearing.

In view of the foregoing, we conclude that respondent has demonstrated that he is unable at this time to participate in disciplinary proceedings brought pursuant to the serious crime petition by reason of physical infirmity or illness.

Accordingly, the Committee's motion is granted and the suspension of respondent from the practice of law in the State of New York, effective April 22, 1997, is continued for an indefinite period and until such time as he is physically able to participate in the previously ordered serious crime hearing.

MILONAS, J. P., NARDELLI, WILLIAMS, TOM and ANDRIAS, JJ., concur.

Motion granted, and the suspension of respondent from the practice of law in the State of New York, effective April 22, 1997, is continued for an indefinite period and until such time as he is physically able to participate in a previously ordered serious crime hearing, and until the further order of this Court.