In the Matter of ALLAN SLOAN (Admitted as ALLAN GERALD SLOTNICK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 25, 1987

### APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Milton S. Gould* of counsel *(Shea & Gould,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Allan Sloan was admitted to practice in the Second Department on June 17, 1964 and at all relevant times

has maintained an office for the practice of law in the First Department.

Respondent was charged by the Departmental Disciplinary Committee with converting clients' funds and other acts of professional misconduct. Formal proceedings were instituted before a Hearing Panel of the DDC, which, at the close of the hearing, announced that it had found respondent guilty as charged and would be recommending disbarment. The Hearing Panel further announced that the continued practice of law by respondent was an immediate threat to the public interest, and that he should not be permitted to practice law pending the imposition of discipline by the court. The DDC thereupon moved for an order "suspending respondent from the practice of law forthwith pending presentation of written Findings of Fact and Conclusions of Law by a Disciplinary Committee Hearing Panel". The legal grounds invoked for such relief was 22 NYCRR 603.4 (e) (1) (iii), which provides for suspension of an attorney pending consideration of the charges against him where there is uncontroverted evidence of professional misconduct immediately threatening the public interest. According to the DDC, "[s]uch 'uncontroverted evidence of misconduct' is present here, in that, the Hearing Panel has made specific findings of misconduct subsequent to a lengthy hearing", and further "found that respondent poses an immediate threat to the public and potential client population, and should not be permitted to continue in practice pending post-hearing submissions". Opposing the motion, respondent argued that he should be permitted to continue practicing law in that it is his only viable means of making restitution. He also stated that psychotherapy has helped him to discover why he "took or failed to take certain actions with respect to the matters complained of" and given him a "thorough understanding" of what his problems were.

The motion was submitted on May 26, 1987. By letter dated June 12, 1987, the DDC advised us that on June 10, 1987 respondent pleaded guilty to a felony. Upon such conviction, respondent was automatically disbarred and ceased to be an attorney and counselor-at-law (Judiciary Law § 90 [4] [a]; *Matter of Mintz,* 110 AD2d 129).

Pending receipt of a certified copy of the judgment of conviction, and in order to protect the public, the motion for a temporary suspension is granted.

SULLIVAN, J. P., CARRO, KASSAL, ROSENBERGER and WALLACH, JJ., concur.

Pending receipt of a certified copy of the judgment of conviction, and in order to protect the public, the motion for a temporary suspension is granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective June 25, 1987, and until the further order of this court.