In the Matter of MICHAEL DAVID (Admitted as MICHAEL NICHOLAS DAVID), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 16, 1989

APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Ronald C. Minkoff* of counsel *(Fennell & Minkoff,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Michael David, was admitted to the practice of law in New York by the First Judicial Department on December 2, 1985, under the name Michael Nicholas David.

On May 28, 1986, an 18-count indictment was filed against respondent in the United States District Court for the Southern District of New York, charging him with securities fraud, conspiracy to commit securities fraud, mail fraud, obstruction of justice, and subornation of perjury. On November 26, 1986, respondent pleaded guilty to count 1, conspiracy to commit securities fraud, in violation of 18 USC § 371; count 4, securities fraud, in violation of 15 USC § 78j (b) and § 78ff; count 15, mail fraud, in violation of 18 USC § 1341; and count 16, obstruction of justice, in violation of 18 USC § 1505.

After a period of nearly two years, during which time respondent assisted the United States Attorney's office and the Securities and Exchange Commission by providing information in ongoing investigations and testifying before the Grand Jury, respondent appeared on August 9, 1988, for sentencing before the Honorable John F. Keenan. He received sentences of four months' imprisonment on count 1, and four years' imprisonment on count 4, the latter of which was suspended. In addition, respondent was assessed $50 on each of the four counts to which he pleaded guilty, and placed on probation to commence upon his release from prison, with a condition that he undergo psychiatric counseling. The imposition of sentence on counts 15 and 16 was suspended, and the remaining counts of the indictment were dismissed with the consent of the Government.

By notice of petition and petition dated September 7, 1988, the Departmental Disciplinary Committee seeks an order from this court striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred and ceased to be an attorney upon having been convicted of insider trading securities fraud, a Federal felony which this court has previously held to be "essentially similar" to a New York felony offense. (Judiciary Law § 90. [4] [a]; General Business Law § 352-c [5]; *Matter of Grossman*, 135 AD2d 1; *Matter of Reich*, 128 AD2d 329.)

By cross petition dated November 9, 1988, respondent's counsel states that respondent acknowledges that he was automatically disbarred as a result of his conviction for securi-

ties and mail fraud, and accordingly does not oppose the disbarment petition. There remains a question, however, as to whether the disbarment date, which controls when respondent may apply for readmission to the Bar, is the date of his guilty plea, November 26, 1986, or the date of sentence, August 9, 1988. Respondent urges, and is supported by the DDC, that the effective date of disbarment is the date upon which he entered the guilty plea. We agree.

Pursuant to Judiciary Law § 90 (4) (a) and (e), an attorney is automatically disbarred in this State upon "conviction" of a criminal offense which is a New York felony or its equivalent. *(Matter of Ginsberg,* 1 NY2d 144.) While CPL 1.20 (13) clearly defines "conviction" as occurring at the time of a guilty plea or verdict, the Federal Rules of Criminal Procedure contain no comparable provision defining "conviction", and instead refer only to a "judgment of conviction", which includes the sentence. (Fed Rules Crim Pro, rule 32 [b] [1].) This definition is consistent with CPL 1.20 (15) which provides that in this State "[a] judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence".

Since the State law makes clear that it is the "conviction", and not the "judgment of conviction" which triggers automatic disbarment, respondent and the DDC are correct in their concurrence that the effective date of disbarment in this matter is the date of the guilty plea, November 26, 1986. *(See, Matter of Sloan,* 129 AD2d 123, 124.)

KUPFERMAN, J. P., SULLIVAN, CARRO, ASCH and KASSAL, JJ., concur.

Respondent's name is to be stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith, and the cross petition granted, as indicated.