In the Matter of STEVEN GLAUBERMAN (Admitted as STEVEN L. GLAUBERMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 23, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Steven L. Glauberman,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in New

York in the Second Judicial Department on November 15, 1978. At all relevant times respondent maintained an office for the practice of law within the First Judicial Department.

While respondent was an associate in the mergers and acquisitions department of a prominent law firm, which represented numerous clients involved in that area of law, he was entrusted with confidential and nonpublic information. He misappropriated this information for his own purposes and conveyed it to a broker dealer and others who then traded on the information making a substantial profit.

On September 12, 1990, respondent pleaded guilty in the United States District Court for the Southern District of New York to securities fraud based on this insider trading in violation of 15 USC § 78j (b), and wire fraud in violation of 18 USC § 1343.

This court has repeatedly held that such a conviction pursuant to the Federal statutes is essentially similar to a conviction for a class E felony under the New York State insider trading statute, General Business Law § 352-c (5) and (6) (see, Matter of David, 145 AD2d 150). The Federal felony need not be a mirror image of the New York felony if it is "essentially similar" (see, Matter of Margiotta, 60 NY2d 147, 149).

The respondent argues that he is cooperating with the Federal authorities and that he has not yet been sentenced. However, pursuant to Judiciary Law § 90 (4) (a) and (e), an attorney is automatically disbarred upon conviction, and CPL 1.20 (13) defines conviction as occurring at the time of a guilty plea (see, Matter of David, supra).

Respondent also asks for a hearing as in a "serious crime" proceeding (Judiciary Law § 90 [4] [h]). However, that section does not apply to automatic disbarment proceedings. Once convicted, the respondent ceased to be an attorney by operation of law.

Accordingly, the Committee's motion for an order striking respondent's name from the roll of attorneys upon the ground respondent has been disbarred based upon his conviction for a felony as defined by Judiciary Law § 90 (4) (e) should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law.

ELLERIN, J. P., KUPFERMAN, ROSS, ASCH and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective July 23, 1992.