[626 NYS2d 198]

In the Matter of Edward M. Grushko (Admitted as Edward Marvin Grushko), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 18, 1995

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Edward M. Grushko, was admitted to the prac-

tice of law in the State of New York by the Second Judicial Department on September 23, 1981 and at all times pertinent to this proceeding has maintained an office for the practice of law within the First Judicial Department.

On April 18, 1991, respondent was convicted, upon a plea of guilty, in the United States District Court for the District of Nevada, of one count of conspiracy to commit securities fraud, in violation of 18 USC § 371 and 15 USC § 77q (a) and § 77x, a felony under the United States Code. On August 25, 1993, respondent was sentenced to one year of "administrative" probation and a $5,000 fine. Respondent's probation has been completed. Respondent's conviction resulted from filing a registration statement with the Securities and Exchange Commission (SEC) that failed to disclose that the named officers and directors were mere figureheads and that actual control of the corporations was by third parties and that stated falsely that the nominee officers and directors had purchased stock in the corporation.

The plea agreement required respondent fully to cooperate with the Government with respect to activities of his clients in return for a nonbinding recommendation of probation by the Government. Respondent thereafter cooperated extensively with the SEC and the United States Attorney offices in various jurisdictions. By order entered March 17, 1993, this Court determined that the crime respondent has been convicted of is a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and directed respondent to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension or disbarment should not be made. After a hearing, the Hearing Panel issued a report and recommended that the Court suspend respondent for a period of three months or the unexpired period of his Federal probation, whichever is longer, and that respondent be automatically reinstated, without further proceedings, on conclusion of his suspension.

The Disciplinary Committee seeks an order confirming the Hearing Panel's report. In view of the mitigating circumstances of this case, we agree that a three-month suspension is the appropriate sanction. (See, Matter of Hill, 57 AD2d 160.) Accordingly, the Disciplinary Committee's motion should be granted, the Hearing Panel's report confirmed, and the respondent, having served a period of probation, should be suspended from the practice of law for a period of three months. Upon completion of the period of suspension, respon-

dent should be automatically reinstated without further proceedings and pursuant to the further order of this Court.

SULLIVAN, J. P., ROSENBERGER, RUBIN, ASCH and NARDELLI, JJ., concur.

Petition granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three months, effective June 19, 1995.