[676 NYS2d 99]

In the Matter of MICHAEL L. MILLER, Also Known as MICHAEL LEWIS MILLER (Admitted as MICHAEL MILLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 16, 1998

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael L. Miller,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Michael L. Miller was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on March 13, 1968. At all times relevant to this proceeding, he maintained an office for the practice of law in the First Judicial Department.

On January 22, 1998, respondent was convicted in the United States District Court for the Eastern District of Pennsylvania, after a jury trial, of conspiracy to commit wire and securities fraud (18 USC § 371), wire fraud (18 USC § 1343), and fraud in the offer and sale of stock (15 USC § 77q [a]), for which he was sentenced on January 27, 1998 to seven months' incarceration followed by three years' supervised release and a $10,000 fine.

By petition dated April 6, 1998, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Insofar as the Federal charges are substantially similar to a New York felony under the New York insider trading statute (General Business Law § 352-c [5], [6]; *Matter of Glauberman*, 181 AD2d 207), that conviction subjects respondent to automatic disbarment (Judiciary Law § 90 [4] [e]). Since the pendency of respondent's appeal of his conviction is not a basis to delay any action (22 NYCRR 603.12 [e]; *Matter of Mitchell*, 40 NY2d 153, 157), and any disciplinary sanction may be revoked in the event of a successful appeal by respondent (Judiciary Law § 90 [5] [a]), his request to adjourn the present proceedings pending disposition of his appeal by the United States Court of Appeals for the Third Circuit is denied.

Accordingly, insofar as respondent ceased to be an attorney upon his felony conviction, the petition to strike his name from the roll of attorneys is granted.

LERNER, P. J., ELLERIN, RUBIN, TOM and ANDRIAS, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective July 16, 1998.