[710 NYS2d 359]

In the Matter of MICHAEL E. ROSOFF (Admitted as MICHAEL EDWARD ROSOFF), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 6, 2000

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar at the Second Judicial Department in 1977, and at relevant times since then he has been employed within the First Department. In November 1996 this Court suspended respondent from the practice of law for failure to meet his child-support obligations (225 AD2d 197). We have not yet been apprised by the Suffolk County Family Court that such arrears have been satisfied.

In December 1997, in a six-count indictment in United States District Court for the Southern District of New York, respondent was charged with conspiracy to commit securities fraud and obstruct a Securities and Exchange Commission (SEC) investigation (in violation of 18 USC § 371), securities fraud (15 USC § 78j [b]; 17 CFR 240.10b-5), obstruction of justice (18 USC §§ 1505, 2), and making false statements (18 USC § 1001). Respondent was alleged to have helped his employer, Towers Financial Corporation, fraudulently to sell about $270 million in debt securities through the preparation and distribution of false supporting documentation which he had enlisted others to endorse. He further was alleged to have obstructed an SEC investigation of his employer by destroying documentary evidence in anticipation of subpoena, producing fabricated documents which he falsely authenticated in response to subpoena, and counseling others to commit perjury. On February 18, 1999, respondent was found guilty, after jury trial, on all counts except making false statements. He was sentenced, on October 12, 1999, to 87 months imprisonment. Respondent failed to notify the Appellate Division or petitioner Departmental Disciplinary Committee of this conviction, as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f).

Grounds for automatic disbarment are established where an attorney is convicted of a felony outside this State which would constitute a felony if committed in New York (Judiciary Law § 90 [4] [b],[e]), even if the foreign felony is not a "mirror image" of the New York statute (*Matter of Margiotta*, 60 NY2d 147, 150). Securities fraud, under 15 USC § 78j (b), is a Federal felony (15 USC § 78ff; 18 USC § 3559 [a] [4]) which is essentially similar to the class E felony of fraudulent securities transactions in violation of General Business Law § 352-c (5) and (6) (*Matter of Glauberman*, 181 AD2d 207; *Matter of Grossman*, 135 AD2d 1).

Upon his Federal felony conviction, respondent ceased to be an attorney authorized to practice in this State (Judiciary Law § 90 [4] [a]). Accordingly, the unanswered petition to strike respondent's name from the rolls should be granted forthwith.

SULLIVAN, P. J., ROSENBERGER, MAZZARELLI, WALLACH and RUBIN, JJ., concur.

Petition granted and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.