[728 NYS2d 22]

In the Matter of ALAN M. NOVICH (Admitted as ALAN MATTHEW NOVICH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 5, 2001

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Henry Putzell, III,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Alan M. Novich was admitted to the practice of

law in the State of New York by the First Judicial Department on January 23, 1989, as Alan Matthew Novich. At all times pertinent to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

Respondent was charged in the United States District Court for the Southern District of New York in a criminal indictment filed on November 9, 1998 with: conspiracy to defraud the United States (two counts), in violation of 18 USC § 371; making false statements (and omissions in registration statements filed with the SEC) (13 counts), in violation of 15 USC § 77x; and securities fraud (11 counts), in violation of 15 USC § 78j (b) and § 78ff. The indictment alleged that from late 1994 through in or about 1997, respondent and his codefendants, directly and through individuals and corporations under their control, earned at least $200 million in illegal profits through their participation in numerous, fraudulent public offerings and sales of securities.

On August 17, 2000, respondent pleaded guilty to two counts of conspiracy and seven counts of securities fraud in full satisfaction of the indictment. On February 14, 2001, respondent was sentenced to a total term of imprisonment of 70 months, three years supervised release upon the termination of his incarceration, and a $900 assessment.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Petitioner correctly contends that automatic disbarment under section 90 (4) (b) is appropriate because respondent's Federal conviction for securities fraud under 15 USC § 78j (b) is "essentially similar" to the New York felony under the New York State insider trading statute, General Business Law § 352-c (5) and (6) (see, Matter of Rosoff, 274 AD2d 241; Matter of Glauberman, 181 AD2d 207; Matter of David, 145 AD2d 150).

Respondent's counsel has submitted an affirmation and has attached a letter dated February 1, 2001 from respondent to the Disciplinary Committee advising it of his Federal conviction, acknowledging that, as a result of his guilty plea, by operation of law he is disqualified from continuing to practice law, and, therefore, submits his resignation as an attorney. Counsel further states that respondent does not intend to oppose the instant motion.

Accordingly, the petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law.

SULLIVAN, P. J., NARDELLI, WILLIAMS, RUBIN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to August 17, 2000.