[772 NYS2d 44]

In the Matter of ANDREW S. MARKS (Admitted as ANDREW STEVEN MARKS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 19, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill (Raymond Vallejo* of counsel), for petitioner. No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Andrew S. Marks was admitted to the practice of

law in the State of New York as Andrew Steven Marks by the First Judicial Department on June 1, 1992. Respondent currently resides in Massachusetts and was, until recently, Chief Patent Counsel to Vertex Pharmaceuticals in Cambridge, Massachusetts.

Respondent, in an information dated September 9, 2003, was charged in the United States District Court for the District of Massachusetts with one count of insider trading securities fraud, in violation of 15 USC § 78j (b) and § 78ff (a), and 17 CFR 240.10b-5, a felony. The information alleged that on September 21, 2001, based on material, nonpublic information regarding failed clinical trials of a new drug, respondent committed securities fraud by selling company stock and generating proceeds of approximately $476,000. Respondent pleaded guilty to the information on October 3, 2003, and was sentenced on January 12, 2004, to a term of one year and one day imprisonment, 24 months supervised released, and a $3,000 fine.

The Departmental Disciplinary Committee (the Committee) now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Respondent has declined to appear in this proceeding.

Grounds for automatic disbarment are demonstrated in those cases where an attorney is convicted of a felony outside of this state which would constitute a felony if committed in New York (Judiciary Law § 90 [4] [b], [e]), even if the foreign felony is not a "mirror image" of the New York statute (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Moreover, this Court has previously held that a conviction for securities fraud under 15 USC § 78j (b) is "essentially similar" to the felony of fraudulent securities transactions in violation of General Business Law § 352-c (5) and (6) (*see Matter of Novich*, 285 AD2d 136 [2001]; *Matter of Rosoff*, 274 AD2d 241 [2000]).

Accordingly, upon his felony conviction, respondent ceased to be an attorney authorized to practice law in this state. As a result, the Committee's petition to strike respondent's name from the rolls should be granted.

NARDELLI, J.P., SAXE, ROSENBERGER, WILLIAMS and FRIEDMAN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 3, 2003.