[782 NYS2d 85]

In the Matter of GUY J. VELELLA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 30, 2004

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Stillman & Friedman, P.C.*, New York City (*Marjorie J. Peerce* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Guy J. Velella was admitted to the practice of law in New York by the First Judicial Department on July 8, 1971. At all times relevant to these proceedings, respondent, a New York State Senator, maintained senate offices in Albany and in Bronx County, within the First Judicial Department.

By an indictment filed in May 2002, respondent, chairman of the Bronx Republican Party, was charged in the Supreme Court, New York County, with conspiracy in the fourth degree in violation of Penal Law § 105.10 (1), four counts of bribe receiving in the second degree in violation of Penal Law § 200.11, and numerous violations of Public Officers Law § 73 (2), (7) (a) (iv) and § 77. On May 17, 2004, respondent pleaded guilty to conspiracy in the fourth degree, a class E felony, in full satisfaction of the indictment, and was sentenced to a one-year term of imprisonment. During his plea allocution respondent admitted that, as a state senator, he made phone calls and met with government officials, some of which calls and meetings took place in New York County, to assist clients in obtaining business from these government agencies, and that these clients paid fees in excess of $10,000 to the law firm of respondent's father, which fees ultimately benefitted respondent financially.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent offers no opposition.

Accordingly, inasmuch as a conviction for any criminal offense classified as a felony results in automatic disbarment by operation of law (*see* Judiciary Law § 90 [4] [a], [e]), the petition should be granted and respondent's name should be stricken from the roll of attorneys in the State of New York, pursuant to Judiciary Law § 90 (4) (b), nunc pro tunc to May 17, 2004, the date of entry of the judgment of conviction (*see Matter of Conroy*, 309 AD2d 57 [2003]).

MAZZARELLI, J.P., ANDRIAS, SAXE, FRIEDMAN and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 17, 2004.