[794 NYS2d 52]

In the Matter of ANTHONY FERRANDINO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 5, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Anthony Ferrandino was admitted to the practice

of law in the State of New York by the Second Judicial Department on March 7, 1984. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in a February 2003 New York County indictment with combination in restraint of trade and competition, in violation of General Business Law §§ 340 and 341, enterprise corruption, commercial bribery in the first degree (two counts), bribery in the third degree (three counts), offering a false instrument for filing in the first degree (68 counts), and money laundering in the fourth degree (two counts), in violation of Penal Law § 460.20 (1) (a), §§ 180.03, 200.00, 175.35, and 470.05 (1) (a) (i) (A), respectively.

Respondent's indictment alleged that, during a seven-year period, he participated with other attorneys in bribing hospital workers or "runners" to obtain medical records of potential candidates for personal injury lawsuits. Thereafter, the attorneys split their earnings with the runners. They also filed false retainer statements with the Office of Court Administration.

On February 2, 2005, in Supreme Court, New York County, respondent was convicted, upon his plea of guilty, of the class E felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35. This plea was in full satisfaction of the indictment and involved his filing false retainer statements with the Office of Court Administration in order to conceal the fact that he had violated the New York's law against soliciting clients by paying for referrals.

The Committee now presents a certificate of disposition of the judgment of respondent's conviction and the plea minutes, and seeks an order from this Court striking respondent's name from the roll of attorneys on the ground that his conviction of a New York State felony automatically disbarred him pursuant to Judiciary Law § 90 (4) (*see Matter of Velella*, 11 AD3d 50 [2004]). Although respondent's counsel was served with the instant petition, no response was submitted.

The fact that respondent has not yet been sentenced is not an impediment to the Committee's petition (*see Matter of Lurie*, 207 AD2d 48, 49 [1995]).

Since a conviction for "any criminal offense classified as a felony under the laws of this state" results in automatic disbarment by operation of law (Judiciary Law § 90 [4] [a], [e]), respondent was automatically disbarred upon his conviction and

consequently, his name should be stricken from the roll of attorneys (*see Matter of Mischel*, 257 AD2d 226 [1999]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, nunc pro tunc to February 2, 2005, the date of the entry of the judgment of conviction.

TOM, J.P., ANDRIAS, MARLOW, ELLERIN and SWEENY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 2, 2005.