[817 NYS2d 258]

In the Matter of GEORGE S. BALIS (Admitted as GEORGE STEVEN BALIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 15, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*George S. Balis,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent George S. Balis was admitted to the practice of

law in New York by the First Judicial Department on March 1, 1976, as George Steven Balis. Respondent currently maintains his law practice in Yonkers, New York.

On August 9, 2005, respondent was convicted in the United States District Court for the Southern District of New York (Lynch, J.), after a jury trial, of conspiracy to commit securities fraud and/or wire fraud (15 USC § 77q [a]; § 77x; 18 USC §§ 371, 1343), securities fraud (15 USC § 77q [a]; § 77x; 18 USC § 2), and wire fraud (18 USC §§ 1343, 2), all felonies under the United States Code.*

The indictment, and subsequent conviction, were the result of a 2003 FBI sting operation which targeted fraud in foreign currency trading. The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that the federal criminal offense he was convicted of namely, securities fraud (15 USC § 77q [a]; § 77x), if committed in New York, would be a felony and thus, is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; *Matter of Novich*, 285 AD2d 136 [2001]).

Respondent, pro se, opposes the instant motion and asks that it be dismissed or, in the alternative, asks for a "serious crime" proceeding. He contends among other things that his conviction is not "essentially similar" to a New York felony for purposes of automatic disbarment; and that the elements of the comparable crimes do not match up to General Business Law § 352-c.

This Court has consistently held that a conviction for securities fraud under 15 USC § 78j (b) and § 78ff is a proper predicate for automatic disbarment as they are "essentially similar" to the New York felony of fraudulent securities transactions in violation of General Business Law § 352-c (5) and (6) (*see Matter of Marks*, 4 AD3d 11 [2004]). However, the case at bar involves a conviction under different sections of the Code, namely, 15 USC § 77q (a) and § 77x, which this Court has on one occasion found to be "substantially similar" to General Business Law § 352-c (5) and (6) (*Matter of Miller*, 246 AD2d 35 [1998]). General Business Law § 352-c (5) reads in pertinent part:

"Any person . . . who intentionally engages in any

---

* Although respondent's sentencing date has been adjourned, with no new date scheduled, this application is timely since a conviction occurs at the time of plea or verdict (*Matter of Ferrandino*, 18 AD3d 116 [2005]).

scheme constituting a systematic ongoing course of conduct with intent to defraud *ten or more persons* or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, *and so obtains property* from one or more of such persons while engaged in inducing or promoting the . . . sale . . . or purchase of any securities . . . shall be guilty of a class E felony" (emphasis added).

General Business Law § 352-c (6) reads:

"Any person . . . who intentionally engages in fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale, or who makes any material false representation or statement with intent to deceive or defraud, while engaged in inducing or promoting the . . . sale . . . or purchase within or from this state of any securities . . . *and thereby wrongfully obtains property of a value in excess of two hundred fifty dollars,* shall be guilty of a class E felony" (emphasis added).

Respondent argues that since there was no proof of an ongoing systematic course of conduct involving 10 or more investors (the evidence suggested one potential investor), or anyone obtaining property while promoting the distribution or purchase of securities (let alone property worth more than $250), and because he told the investor the truth, his conduct does not fall within the parameters of subdivisions (5) and (6) and, therefore, constitutes only a misdemeanor under General Business Law § 352-c.

Indeed, the record before us indicates that respondent did not obtain money or property, rather, he attempted to defraud a potential investor, and so, under New York statutes, did not commit a felony and thus, automatic disbarment is not warranted. Instead, this Court finds respondent committed a "serious crime" (*Matter of Grushko,* 211 AD2d 184 [1995] [conspiracy to commit securities fraud in violation of 15 USC § 77q (a), § 77x, and 18 USC § 371 found to be serious crime]).

Accordingly, the petition should be granted to the extent of immediately suspending respondent George S. Balis from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing him, pursuant to Judiciary Law § 90 (4) (g), to show cause before a referee appointed by the Court who shall thereupon hold a hearing within 90 days of respondent's sentencing, or

release from prison, if applicable, why a final order of censure, suspension or disbarment should not be made.

SAXE, J.P., MARLOW, WILLIAMS, CATTERSON and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof and until further order of this Court. Respondent directed to show cause before a referee why a final order of censure, suspension or disbarment should not be made, as indicated.