[880 NYS2d 603]

In the Matter of Amir Rosenthal, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 28, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Amir Rosenthal*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Amir Rosenthal was admitted to the practice of law in New York by the First Judicial Department on June 5, 2006. At all times relevant herein, respondent maintained his principal place of business within the First Judicial Department.

On February 8, 2007, respondent pleaded guilty in the United States District Court for the Eastern District of New York to a one-count felony information charging conspiracy to commit securities fraud in violation of 18 USC § 371. On July 20, 2007, respondent was sentenced to 33 months in prison, followed by three years of supervised release and 300 hours of community service, and ordered to pay a $75,000 fine.

During his plea allocution respondent admitted that between 2001 and 2005 he, along with his father, his brother and others, engaged in an insider trading scheme after receiving nonpublic, material information from his father who was an employee at Taro Pharmaceutical Industries, Ltd. Respondent admitted that he knew that when he traded in Taro securities he was engaging in conduct that violated the securities law by executing options trades and by profiting on that information, and that he tipped off others regarding the inside information so that they too could profit. The criminal information to which respondent pleaded guilty alleged that he received $66,000 in kickbacks from a tippee for the inside information. At sentencing, respondent acknowledged that he obtained an "ill-gotten" personal profit of between $600,000 and $800,000 as a result of his participation in the insider trading scheme. He further conceded that he would lose his law license as a result of his criminal actions.

Now, the Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that his federal conviction is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; *Matter of Appell*, 27 AD3d 81 [2006]; *Matter of Novich*, 285 AD2d 136 [2001]). Respondent, pro se, does not oppose the Committee's motion but would like to voluntarily resign from the New York bar.

For the reasons set forth below, we find that respondent's letter-request to resign in lieu of disbarment should be denied

since upon his felony conviction respondent ceased to be an attorney authorized to practice law in this state.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (Judiciary Law § 90 [4] [e]; *see Matter of Kim*, 209 AD2d 127, 129 [1995]). The federal felony need not be identical to the New York felony but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Shubov*, 25 AD3d 33 [2005]). Essential similarity between the elements of the federal offense and a New York felony may be demonstrated by considering any admissions made under oath during a plea allocution which may be read in conjunction with an indictment or information (*see Matter of Sorin*, 47 AD3d 1 [2007]).

Here, respondent's admitted conduct corresponds to the New York insider trading statute General Business Law § 352-c (5) and (6) and, therefore, automatic disbarment is proper (*see Matter of Marks*, 4 AD3d 11 [2004]; *Matter of Novich*, 285 AD2d 136 [2001]; *Matter of Miller*, 246 AD2d 35 [1998]; *compare Matter of Woodward*, 232 AD2d 22 [1997] [conspiracy to commit securities fraud constituted "serious crime" and not automatic disbarment where attorney did not profit from insider trading]).

Accordingly, the Committee's petition to strike respondent's name from the rolls pursuant to Judiciary Law § 90 (4) (b) should be granted effective nunc pro tunc to February 8, 2007.

Tom, J.P., Andrias, Friedman, Catterson and Acosta, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 8, 2007.