[888 NYS2d 469]

In the Matter of ALLEN B. WITZ (Admitted as ALLEN BARRY WITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 29, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Allen B. Witz, was admitted to the practice of

law in the State of New York by the First Judicial Department on March 19, 1973 under the name of Allen Barry Witz. At all relevant times, respondent resided in the State of California where he is not admitted to the practice of law.

On April 19, 2004, respondent pleaded guilty in the United States District Court for the District of New Jersey to a one-count felony information charging him with conspiracy to commit securities fraud in violation of 18 USC § 371. On May 12, 2008, respondent was sentenced to a term of five years' probation, six months of electronic home monitoring, 3,750 hours of community service and a $75,000 fine.

The Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that his federal conviction is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; Matter of Novich, 285 AD2d 136 [2001]). Although served with a copy of the petition, respondent has not submitted a response.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (see Matter of Kim, 209 AD2d 127, 129 [1995]; Judiciary Law § 90 [4] [e]). The federal felony need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must be essentially similar (Matter of Margiotta, 60 NY2d 147, 150 [1983]).

The underlying federal felony of conspiracy to commit securities fraud has no direct felony analog under New York law. Nevertheless, the requisite essential similarity may be established by reading the admissions made under oath during respondent's plea allocution in conjunction with the federal information (see Matter of Sorin, 47 AD3d 1, 3 [2007]).

During his plea allocution, respondent admitted that he was a consultant specializing in mergers and acquisitions of publicly traded companies. On or about December 2, 1998, respondent became a shareholder of Global Datatel, Inc. Respondent admitted that in 1999, he conspired with others to disseminate or cause the dissemination of false and misleading information about Global and its subsidiary in order to induce the investing public to purchase shares of the company. This activity caused Global's stock prices to artificially rise and its market capitalization to increase. Respondent further admitted that his actions were designed to violate federal securities laws for the purpose of enriching himself and others.

Here, respondent's admitted conduct would constitute a class E felony under General Business Law § 352-c (5) or (6) which

both involve fraud in inducing or promoting the sale or purchase of securities. Automatic disbarment is, therefore, proper (*see Matter of Rosenthal*, 64 AD3d 16, 18 [2009]).

Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), should be granted effective nunc pro tunc to April 19, 2004.

ANDRIAS, J.P., CATTERSON, RENWICK, DEGRASSE and ABDUS-SALAAM, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 19, 2004.