[893 NYS2d 523]

In the Matter of Eric A. Holzer (Admitted as Eric Adam Holzer), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 29, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Stillman, Friedman & Shechtman, P.C. (John B. Harris* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Eric A. Holzer was admitted to the practice of law in the State of New York by the First Judicial Department on July 18, 2003, under the name Eric Adam Holzer. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he was convicted of a crime which would be a felony if committed in New York (*see Matter of Rosenthal*, 64 AD3d 16 [2009]).

For purposes of the application of section 90 (4) (a), which authorizes automatic disbarment of any attorney upon conviction of a felony, Judiciary Law § 90 (4) (e) defines the term "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." The out-of-jurisdiction felony must be "essentially similar," but not necessarily identical to, an offense classified as a felony in New York (*see Matter of Margiotta*, 60 NY2d 147 [1983]). Such similarity may be demonstrated by admissions made under oath by respondent in the context of a plea allocution (*Matter of Amsterdam*, 26 AD3d 94, 96 [2005]).

On May 7, 2009, respondent pleaded guilty, in the United States District Court for the Southern District of New York, to conspiracy to commit securities fraud (18 USC § 371) and to securities fraud (15 USC § 78j [b]; § 78ff), federal felonies. Specifically, he admitted to using insider information on pending corporate mergers and other transactions, thereby earning trading profits of $119,347. These federal felony convictions are essentially similar to New York's felony of insider trading under General Business Law § 352-c (5) and (6) (*see Matter of Rosenthal*, 64 AD3d 16, 18 [2009]). Because respondent's criminal offenses would be felonies if charged under New York law, they are a proper predicate for automatic disbarment.

Accordingly, petitioner's motion should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

TOM, J.P., ANDRIAS, SAXE, McGUIRE and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 7, 2009.