[22 NYS3d 40]

In the Matter of RICHARD A. KASSEL (Admitted as RICHARD ADAM KASSEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 22, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on August 16, 1993, under the name Richard Adam Kassel. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e), namely, conspiracy to commit immigration fraud (18 USC §§ 371, 1546 [a]), and should therefore be automatically disbarred. In the alternative, the Committee seeks a determination that respondent was convicted of a "serious crime," that he be immediately suspended from the practice of law, and be directed to appear for a sanction hearing.

Respondent does not oppose the Committee's petition insofar as it seeks an order striking his name from the roll of attorneys. By order of June 25, 2015, respondent was placed on interim suspension, on consent, in Connecticut until further order of the court. By order filed July 30, 2015, respondent was disbarred by consent in the District of Columbia (*In re Kassel*, 121 A3d 790 [DC 2015]).

A conviction of any criminal offense classified as a felony under the laws of New York results in automatic disbarment by operation of law. While a conviction of a federal felony does not trigger automatic disbarment, if the federal felony has a New York analogy that is "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]), then the federal felony would constitute a felony under New York Penal Law and triggers automatic disbarment (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]).

On April 15, 2015, respondent pleaded guilty in the United States District Court for the Southern District of New York to conspiracy to commit immigration fraud in violation of 18 USC §§ 371 and 1546 (a). On July 16, 2015, respondent was sentenced to 27-months imprisonment, two years of supervised release, a $6,000 fine, and $187,000 in forfeiture. Respondent's conviction was predicated on his participation with others, from 2008 to 2014, in an immigration fraud scheme in which

he submitted at least 47 I-140 employment based visa applications supported by false advanced degree diplomas and documentation, for which he earned approximately $187,000 in legal fees. Here, automatic disbarment is warranted because respondent's federal conviction for conspiracy to commit immigration fraud, if he had been convicted in New York, would constitute the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]).

Accordingly, the Committee's petition is granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 15, 2015.

GONZALEZ, P.J., FRIEDMAN, RICHTER, GISCHE and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 15, 2015.