Matter of Smith (2024 NY Slip Op 04608)

Matter of Smith

2024 NY Slip Op 04608

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Tanya R. Kennedy,J.P.,
Martin Shulman
Bahaati E. Pitt-Burke
John R. Higgitt
Kelly O'Neill Levy, JJ.

Motion No. 2024-02770 Case No. 2024-03669 

[*1] In the Matter of Brian J. Smith, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Brian J. Smith (Admitted as Brian James Smith) (OCA Atty. Reg. No. 2838910), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jose X. Orochena, was admitted, as Jose Xavier Orochena, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 9, 2015.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Richard E. Mischel, Esq., for respondent.

Respondent Brian J. Smith was admitted to the practice of law in the State of New York by the First Judicial Department on July 14, 1997, under the name Brian James Smith. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On February 15, 2023, respondent pleaded guilty to the felony of reckless driving in violation of Nevada Revised Statutes (NRS) § 484B.653.[FN1] Respondent's guilty plea stemmed from his June 6, 2021 arrest for operating a motor vehicle while under the influence and colliding with another vehicle, substantially injuring a person in the vehicle in which he collided. In June 2023, he received a suspended prison sentence of 24 to 72 months and was placed on probation for 3½ years.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(4)(a), (b) and 22 NYCRR 1240.12(c)(1), striking respondent's name from the roll of attorneys, on the ground that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90(4)(e).
In support of its motion, the AGC asserts that the Nevada felony of reckless driving under NRS 484B.653 is "essentially similar" to the New York felony of vehicular assault in the second degree, Penal Law § 120.03. Respondent opposes, arguing that his conviction under NRS 484B.653 is not a proper predicate for automatic disbarment because it is facially dissimilar to Penal Law § 120.03. Specifically, he contends that the NRS definition of "substantial bodily harm" is not essentially similar to the New York Penal Law definition of "serious physical injury."
Judiciary Law § 90(4)(a) provides that any attorney "convicted of a felony . . . shall[,] upon such conviction, cease to be an attorney." A felonyincludes "any criminal offense committed in any other state, district, or territory of the United Sates and classified as a felony therein which if committed within this state would constitute a felony in this state" (Judiciary Law § 90[4][e]). In making this determination, the out-of-state felony need "not be a mirror image of the New York felony," but it must possess "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see e.g. Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
A person is guilty [*2]of felony reckless driving, pursuant to NRS 484B.653, if the person "[d]rive[s] a vehicle in willful or wanton disregard of the safety of persons or property on a highway or premises to which the public has access . . . [and] the act or neglect of duty proximately causes the death of or substantial bodily harm to another person . . . ." NRS § 0.060 defines "substantial bodily harm" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ; or Prolonged physical pain."
In comparison, under New York law, a person is guilty of vehicular assault in the second degree when:
"he or she causes serious physical injury to another person, and . . . operates a motor vehicle in violation of subdivision two, three, four or four-a of section eleven hundred ninety-two of the vehicle and traffic law . . . and as a result of such intoxication or impairment by the use of a drug, or by the combined influence of drugs or of alcohol and any drug or drugs, operates such motor vehicle . . . in a manner that causes such serious physical injury to such other person . . ." (Penal Law § 120.03[1]).
New York law also defines "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]). Therefore, respondent's Nevada felony offense is essentially similar to vehicular assault in the second degree (Penal Law § 120.03) and constitutes a proper predicate for automatic disbarment under Judiciary Law § 90(4) (see e.g. Matter of Woods, 56 AD3d 184 [1st Dept 2008]).
Accordingly, the AGC's motion should be granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York in accordance with Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to February 15, 2023.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law §90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters [22 NYCRR 1240.12 (c)(1), disbarring respondent Brian J. Smith, admitted as Brian James Smith, is granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 15, 2023; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent Brian J. Smith, admitted as Brian James Smith, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority,[*3](3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Brian J. Smith, admitted as Brian James Smith, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Brian J. Smith, admitted as Brian James Smith, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: September 26, 2024

Footnotes

Footnote 1: On December 8, 2022, respondent pleaded guilty to one misdemeanor count of driving under the influence of alcohol and/or controlled or prohibited substance. Respondent waived his right to a preliminary hearing on the felony charge, which was bound over to District Court.