Matter of Dorfman (2025 NY Slip Op 04218)

Matter of Dorfman

2025 NY Slip Op 04218

Decided on July 17, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 17, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding

Motion No. 2025-02380|Case No. 2024-02568|

[*1]In the Matter of Richard Daniel Dorfman an attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Richard Daniel Dorfman (OCA Atty Reg. 4544508), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Richard Daniel Dorfman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 14, 2007.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.
In the Matter of Richard Daniel Dorfman, an attorney
 Per Curiam
Respondent Richard D. Dorfman was admitted to the practice of law in the State of New York by the First Judicial Department on November 14, 2007, under the name Richard Daniel Dorfman. Respondent maintains a registered address in Florida. This Court retains continuing jurisdiction over petitioner as the admitting Judicial Department (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
The Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), on the grounds that respondent was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been disbarred by operation of law. AGC served the motion by email with respondent's consent. Respondent did not submit a response.
On December 10, 2024, respondent pleaded guilty in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to vehicular homicide in violation of Florida Statutes § 782.071(1)(a), a felony. According to the Certificate of Conviction, respondent was scheduled to be sentenced on February 11, 2025 to, inter alia, 24 months' incarceration followed by seven years' probation.
Respondent's conviction stemmed from an August 26, 2022 motor vehicle accident involving his misuse of his vehicle's "full self driving" feature and excessive speed by which he caused the death of another motorist.
By order dated December 16, 2024, the Supreme Court of Florida suspended respondent from the practice of law, effective January 15, 2025, based on his felony conviction, pending argument before a referee and a recommendation as to final discipline. By December 11, 2024 and January 16, 2025 letters, respondent notified AGC of his felony conviction and interim suspension in Florida. The record does not evidence final discipline in Florida.
AGC contends that "automatic" disbarment is warranted herein because respondent's Florida felony conviction for vehicular homicide, if committed in New York, would constitute the class C felony of manslaughter in the second degree (Penal Law § 125.15[1]).
Judiciary Law § 90(4) provides for the automatic disbarment of an attorney convicted of a "felony," which is defined as "any criminal offense committed in any other state... classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]; Matter of [*2]Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). For a determination that an out of state felony has a New York analog, the out of state felony need not be a "mirror image" of a New York felony but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). This Court first compares the language of the applicable felony statutes and examines its own precedent pertaining to the out of state felony at issue. If this initial analysis is inconclusive, "essential similarity" can be established by, among other things, admissions made under oath during a plea allocution, read in conjunction with the indictment or information (see e.g. Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Philwin, 108 AD3d 129, 132 [1st Dept 2013]; Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]).
AGC contends that respondent's felony conviction for vehicular homicide under Fla. Statutes § 782.071(1)(a) is essentially similar to the New York felony of manslaughter in the second degree (Penal Law § 125.15[1]) based on statutory language read in conjunction with the information to which respondent pled guilty.
Florida Statutes § 782.071 provides, in pertinent part:
"'[v]ehicular homicide' is the killing of a human being caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another.
(1) Vehicular homicide is:
(a) A felony of the second degree "
Count Two of the information to which respondent pled guilty alleged:
"[respondent] on or about August 26, 2022, in the County of Palm Beach and State of Florida, did kill [a motorist] by operating a motor vehicle in a reckless manner likely to cause the death of, or great bodily harm to, another, contrary to Florida Statute 782.071(1)(a). (2 DEG FEL)"
New York Penal Law § 125.15 provides, in pertinent part:
"[a] person is guilty of manslaughter in the second degree when:
"1. He recklessly causes the death of another person 
"Manslaughter in the second degree is a class C felony."
AGC argues that respondent's conviction is a proper predicate for automatic disbarment under Judiciary Law §90(4) due to the 'essential similarity' between the two felony statutes.
The Court agrees. The felony statutes at issue are essentially similar in that both criminalize reckless conduct that causes the death of another person, and their analogous statutory language is also reflected in the information to which respondent pled guilty. While it does not appear that this Court has previously compared the two felony statutes at issue, this Court has found other out of state felony convictions predicated on reckless driving and driving while under the influence (DUI) to be analogous to New York felonies (see Matter of Smith, 233 AD3d 1 [1st Dept 2024] [attorney deemed automatically disbarred based on Nevada felony conviction for reckless driving found "essentially similar" to New York felony of vehicular assault in the second degree — Penal Law[*3]§ 120.03]; Matter of Woods, 56 AD3d 184 [1st Dept 2008] [attorney deemed automatically disbarred based on felony conviction in Michigan for operating a motor vehicle while intoxicated found essentially similar to New York's felony DUI statute - Vehicle and Traffic Law §§ 1192(2),(3), 1193(1)(c)(ii)]).
Accordingly, AGC's motion should be granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 10, 2024 (date of conviction), and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), disbarring respondent, Richard Daniel Dorfman, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to December 10, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Richard Daniel Dorfman, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Richard Daniel Dorfman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Richard Daniel Dorfman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 17, 2025