[650 NYS2d 149]

In the Matter of MICHAEL E. ROSOFF (Admitted as MICHAEL EDWARD ROSOFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 26, 1996

### APPEARANCES OF COUNSEL

*Eileen J. Shields* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jay D. Fischer* of counsel *(Fischer Weisinger Caliguire Porter & Pierce,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice in this State at the

Second Judicial Department in 1977, under the name Michael Edward Rosoff, and has maintained an office for such purpose within the First Department at all relevant times since then. On April 25, 1996, respondent was found by Family Court, Suffolk County, to be in willful violation of an order of child support, with arrears at $48,800 as of September 29, 1995. Since this amount exceeded four months worth of scheduled payments, the matter was referred to petitioner for suspension proceedings in accordance with Family Court Act § 458-b.

Judiciary Law § 90 (2-a) (b) calls for a disciplinary hearing, under such circumstances, "solely for the purpose of determining whether * * * full payment of all arrears * * * have been paid." The licensed attorney is given full opportunity to present proof of payment at the hearing, and "[t]he only issue to be determined * * * is whether the arrears have been paid. No evidence with respect to the appropriateness of the court order or ability of the respondent party in arrears to comply with such order shall be received or considered by the disciplinary committee." *(Ibid.)*

At the hearing, it was noted in the record that the arrearage had more than doubled, as of July 1996. Respondent sought— and was correctly denied the opportunity—to introduce evidence concerning his ability to schedule payment of his arrears. Petitioner now seeks confirmation of the Hearing Panel's recommendation that respondent be suspended from practice until the Suffolk County Family Court certifies to this Court, in accordance with Judiciary Law § 90 (2-a) (c), that all arrears have been paid in full. Respondent pleads for more time in which to satisfy the debt, and presumably to challenge the constitutionality of this new sanctioning procedure.

The simple question posed by the statute has been answered in the negative. Accordingly, the petition should be granted, and respondent should be suspended from the practice of law until this Court has been notified by the Suffolk County Family Court that all child support arrears have been satisfied in full (*see*, *Matter of Updegraff*, App Div, 2d Dept, NYLJ, Oct. 15, 1996, at 30, col 1).

MURPHY, P. J., MILONAS, WALLACH, RUBIN and MAZZARELLI, JJ., concur.

Application granted, the Hearing Panel's report and recommendation confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective November 26, 1996, until this Court has been notified

by the Suffolk County Family Court that all child support arrears have been satisfied in full, and until the further order of this Court.