[673 NYS2d 704]

In the Matter of WILLIAM R. UPDEGRAFF, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 26, 1998

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Maryann Yanarella* and *Matthew Renert* of counsel), for petitioner.

*William R. Updegraff, Jr.,* Highland Park, Illinois, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was served with an amended petition dated January 21, 1997, which contained eight charges of professional misconduct against him. After a hearing at which the respondent failed to appear, the Special Referee sustained Charges One through Five, Seven, and Eight, and dismissed Charge Six. The Grievance Committee now moves to confirm the Special Referee's report to the extent of the charges sustained and to disaffirm to the extent that Charge Six was not sustained. The respondent has submitted a memorandum in opposition in which he seeks to have the Court reverse the Special Referee's decision and to remand this matter for supplemental proceedings before a substitute Special Referee, to conduct an investigation of the petitioner with respect to the prosecution of this matter, and to conduct an investigation of the respondent's New York attorney.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]), by submitting false and fraudulent claim vouchers.

From approximately April 1992 through November 1994, the respondent submitted vouchers seeking payment for services purportedly performed as a Law Guardian in the Dutchess County Family Court. On the Law Guardian worksheet portion

of the vouchers, the respondent charged in excess of time expended in performing the reported services and/or charged for time for services not actually performed.

The respondent knew or should have known that, in submitting the vouchers, he was misleading the court with respect to the amount of time spent in court applicable to civil cases.

Charge Three alleged that the respondent has been guilty of charging and collecting excessive fees, in violation of Code of Professional Responsibility DR 2-106 (B) (22 NYCRR 1200.11 [b]), based on the allegations set forth in Charge One.

Charge Four alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), based on the allegations set forth in Charge One.

Charge Five alleged that the respondent has been convicted of serious crimes within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On December 18, 1996, the respondent pleaded guilty in the Poughkeepsie City Court to petit larceny, in violation of Penal Law § 155.25, a class A misdemeanor. On that same date, the respondent paid restitution and was sentenced to a conditional discharge by the Honorable Ronald J. McGraw.

Charge Six alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and has violated Judiciary Law § 90 (4) (c).

The respondent failed to file with the Appellate Division the record of his conviction within 30 days.

Charge Seven alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District.

On or about January 22, 1996, the Grievance Committee sent the respondent a letter advising that a *sua sponte* complaint had been authorized against him based upon a report issued by the Office of Court Administration, Division of Internal Audit Services, for the examination of this Court's Law Guardian Program for the period April 1, 1992 through January 30, 1995. The letter requested that the respondent submit a writ-

ten answer addressing the allegations within 10 days. The letter advised that an unexcused failure to reply constitutes professional misconduct independent of the merits of the underlying complaint.

The respondent failed to submit an answer to the *sua sponte* complaint.

On or about February 9, 1996, the Grievance Committee sent the respondent a letter via certified mail directing that he submit an answer to the *sua sponte* complaint within 10 days. That letter was returned by the Post Office marked "Refused." On or about February 21, 1996, D. James O'Neil, Esq. requested an extension of time to submit an answer to the *sua sponte* complaint. By letter dated February 23, 1996, the respondent submitted his purported answer to the *sua sponte* complaint in which he generally denied the allegations.

By certified letter dated September 27, 1996, the Grievance Committee advised Mr. O'Neil that the respondent had not submitted a detailed written answer in this matter and directed the respondent to appear at the Grievance Committee's offices on October 24, 1996, to give testimony regarding the complaint. The respondent failed to appear as directed.

Charge Eight alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District.

On or about October 1, 1996, the Grievance Committee sent the respondent a letter through his attorney, D. James O'Neil, advising that a *sua sponte* complaint had been authorized against the respondent based upon his failure to report his change of address to the Office of Court Administration. The letter requested that he submit a written answer within 10 days. The letter advised that an unexcused failure to reply constitutes professional misconduct independent of the merits of the underlying complaint. The respondent failed to submit an answer.

On October 24, 1996, the Grievance Committee sent the respondent a certified letter directing that he submit an answer to the complaint within 10 days. The return receipt is dated October 31, 1996. The respondent failed to answer the complaint.

Based on the evidence adduced, the Special Referee properly sustained Charges One, Three, Four, Five, Seven, and Eight.

In view of the uncontroverted evidence that the respondent did not file a certificate of conviction within 30 days, notwithstanding the reasons for that failure, Charge Six should have been sustained. Accordingly, the Special Referee's report is confirmed to the extent that Charges One, Three, Four, Five, Seven, and Eight are sustained and disaffirmed to the extent that Charge Six is sustained and Charge Two is dismissed. The Grievance Committee's motion to confirm in part and disaffirm in part is granted to that extent.

In determining an appropriate measure of discipline to impose, we note that the respondent was previously issued a Letter of Admonition, dated November 12, 1986, due, in part, to his failure to file a record of conviction with this Court, in violation of Judiciary Law § 90 (4) (c). The letter also cited the respondent's failure to reveal, on his application for admission to the New York State Bar, the following two prior arrests: (1) a 1975 arrest in Hanover, New Hampshire, for concealment of merchandise, and (2) a 1977 arrest in Lebanon, New Hampshire, for disorderly conduct and lewdness. In addition, at the time the instant disciplinary proceeding was authorized, the respondent was under suspension, pursuant to Judiciary Law § 90 (2-a) (b), for failing to pay child support.

In view of the respondent's pattern of overbilling with respect to public funds intended for the representation of children in the Family Court, his failure to cooperate, and his failure to file the record of his conviction within the required time period, the respondent is disbarred.

Mangano, P. J., Bracken, Miller, O'Brien and Ritter, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that Charges One, Three, Four, Five, Six, Seven, and Eight are sustained, and the motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William R. Updegraff, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that William R. Updegraff, Jr. shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, William R. Updegraff, Jr. is commanded to continue to desist and refrain

from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.