[841 NYS2d 247]

In the Matter of JEFFREY T. LOWDEN (Admitted as JEFFREY THEODORE LOWDEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 16, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey T. Lowden was admitted to the practice of law in the State of New York by the First Judicial Department on September 14, 1999, and was also admitted to the practice of law in the State of Ohio that same year. At all times relevant herein, respondent has maintained his registration as an attorney in New York, although the Departmental Disciplinary Committee believes he has never practiced law within the First Judicial Department.

The Committee now seeks an order, pursuant to the doctrine of reciprocal discipline embodied in 22 NYCRR 603.3, suspending respondent from the practice of law for two years predicated upon a two-year suspension ordered by the Supreme Court of Ohio. Respondent has not appeared in this proceeding.

The Toledo Bar Association, on June 9, 2003, filed a complaint and certificate against respondent with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, charging respondent with misconduct related to two legal matters. In the first matter, it was alleged that respondent forged his client's signature or caused another to do so, and knowingly notarized and filed false documents with the court in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3); subsequently neglected the matter and failed to carry out a contract of employment, in violation of DR 6-101 (a) (3) and DR 7-101 (a) (2) (22 NYCRR 1200.30, 1200.32); and failed to cooperate in the disciplinary investigation, in violation of the Supreme Court Rules for the Government of the Bar of Ohio. In the second matter, respondent was charged with neglect, failure to carry out a contract of employment, and failure to cooperate, in the disciplinary investigation, in violation of DR 6-101 (a) (3), DR 7-101 (a) (2) and Supreme Court Rules for the Government of the Bar of Ohio rule V (4) (G). The Toledo Bar Association, during the course of the disciplinary investigation, learned that respondent was suffering from a serious mental illness, for which he had undergone hospitalization and treatment.

The parties subsequently entered into a stipulation, pursuant to which respondent stipulated to all of the allegations and, that

at the time of the misconduct, he was suffering from serious mental illness. The parties thereafter entered into a second stipulation in which they agreed that the respondent's ability to practice law in 2002 was impaired by his illness, but that his condition was being adequately treated and respondent was stable. The parties concluded that the appropriate sanction was a six-month suspension and participation in the Ohio Lawyers' Assistance Program. The Board of Commissioners, after conducting a hearing, adopted the stipulations in their entirety, with respondent's reinstatement conditioned on restitution to his client in the criminal matter. The Board then filed a report with the Supreme Court of Ohio, in which it modified the recommended sanction to a two-year suspension, which was stayed conditioned on, inter alia, respondent continuing medical treatment. The Supreme Court of Ohio subsequently adopted the Board's findings and recommended sanction in an order dated May 18, 2005 (*Toledo Bar Assn. v Lowden*, 105 Ohio St 3d 377, 826 NE2d 836 [2005]).

By order dated February 6, 2006 (*Toledo Bar Assn. v Lowden*, 108 Ohio St 3d 1211, 843 NE2d 187 [2006]), however, the Ohio Supreme Court, inter alia, revoked the stay and suspended respondent for two years. The Committee, in September 2006, received a copy of the February 6 order from an unidentified source, with a cover sheet indicating that respondent had moved to the Rochester area in New York State to practice law. The Committee, following a sua sponte investigation, determined that respondent had practiced law in the Fourth Department, but had apparently returned to Ohio. The Committee further concluded that respondent's whereabouts could not be determined and moved for, and received, permission to serve the within notice of petition upon respondent by publication.

Respondent has not submitted a response to the petition, and since no defense has been raised, or appears to exist, the Committee's petition for an order suspending respondent from the practice of law for two years, pursuant to the doctrine of reciprocal discipline, should be granted (22 NYCRR 603.3). As to the appropriate sanction, we recognize that, generally, it is the state where the attorney lived and practiced that has the greatest interest in the matter (*Matter of Dranov*, 14 AD3d 156 [2004]) and, consistent with this principle, it appears that the imposition of the same sanction

imposed by the Ohio Supreme Court is in order here (*see e.g. Matter of Alviar*, 21 AD3d 50 [2005]).

Accordingly, the Committee's petition should be granted, and respondent suspended from the practice of law in the State of New York for a period of two years, and until further order of this Court.

TOM, J.P., MAZZARELLI, MARLOW, NARDELLI and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective the date hereof and until further order of this Court.