[946 NYS2d 111]

In the Matter of WILLIAM E. MELENDEZ (Admitted as WILLIAM ERIC MELENDEZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 10, 2012

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent William E. Melendez was admitted to the practice of law in the State of New York by the Third Judicial Department on January 22, 2009 under the name William Eric Melendez. Respondent resides in Puerto Rico but maintains an office for the practice of law in the First Judicial Department. By petition dated December 13, 2011, the Departmental Disciplinary Committee seeks an order confirming a Hearing Panel report and recommendation to suspend respondent from the practice of law, pursuant to Judiciary Law § 90 (2-a), until this Court receives proof that he had made full payment of all arrears in child support obligations.

On January 26, 2011, the Superior Court of Puerto Rico issued an order finding that respondent had failed to make child support payments for over 36 months and was $90,897.84 in arrears. Based on New York Domestic Relations Law § 244-c, which provides for the suspension of a professional license if the bearer of such license has arrears in child support obligations amounting to four months or more, the Superior Court referred the matter to the Third Judicial Department, where respondent was admitted. The Third Department forwarded the order to this Court, based on the fact that respondent maintains an office in this Department. This Court, in turn, referred the matter to the Committee, which commenced a proceeding pursuant to Judiciary Law § 90 (2-a).

In accordance with Judiciary Law § 90 (2-a), the Committee, in September 2011, served respondent with a notice of hearing, informing respondent that a hearing panel would convene on October 5, 2011 solely to consider whether proof existed that respondent had made full payment of all arrears owed. Respondent was further advised that he could appear in person or by counsel to present such proof, which must be in the form of a certified check showing full payment of the established arrears, or a notice issued by the support collection unit designed by the appropriate social services agency stating that full payment of all support arrears had been made.

A few days prior to the hearing, respondent submitted a purported motion to dismiss and terminate proceedings, arguing, among other things, various due process violations, that there was no proper referral under Domestic Relations Law § 244-c because the order at issue was submitted by a private party, and attacked the authenticity of the Superior Court's or-

der. Respondent also claimed that he was not domiciled in Puerto Rico but was admitted as a resident of New York City's Department of Homeless Services, and was receiving public assistance as of July/August 2011. The motion to dismiss did not include any proof of any payment of child support arrearages.

On October 5, 2011, the Hearing Panel convened, and respondent did not appear. Following the hearing, the Panel kept the record open to allow additional time for the Committee to obtain a certified copy of the Superior Court's order. By a report dated December 7, 2011, the Panel recommended that, pursuant to Judiciary Law § 90 (2-a), respondent be suspended from the practice of law in the State of New York.

Judiciary Law § 90 (2-a) (d) states, in pertinent part that "the license to practice law in this state of an attorney admitted to practice shall be suspended by the appellate division if, at the hearing provided for by paragraph b of this subdivision, the licensed attorney fails to present proof of payments as required by such subdivision."

Here, the procedural requirements under Judiciary Law § 90 (2-a) (b) were satisfied and respondent failed to appear and assert the only applicable defense, proof of full satisfaction of arrears. Under the circumstances, respondent's immediate suspension is warranted (see Matter of Rosoff, 225 AD2d 197 [1996] [respondent suspended pursuant to Judiciary Law § 90 (2-a) following Family Court determination that respondent's child support arrears exceeded four months of court ordered payments]; Matter of Updegraff, 242 AD2d 119 [1998] [disbarment decision citing respondent's prior suspension pursuant to Judiciary Law § 90 (2-a)]).

Accordingly, the Committee's petition should be granted, the Hearing Panel's report and recommendation confirmed, and respondent should be suspended from the practice of law effective the date hereof, until this Court has been notified by the Superior Court of Puerto Rico, or its designate support collection unit, that all child support arrears have been satisfied in full, and until further order of this Court.

GONZALEZ, P.J., SAXE, MOSKOWITZ, ACOSTA and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until this Court has been notified by the Superior Court of Puerto Rico in San Juan, Puerto Rico, or its designate support collection unit, that all child

support arrears have been satisfied in full and until the further order of this Court.