*135 OPINION OF THE COURT
Per Curiam.
Respondent William E. Melendez was admitted to the practice of law in the State of New York by the Third Judicial Department on January 22, 2009 under the name William Eric Melendez. Respondent resides in Puerto Rico, but is not admitted to practice law in Puerto Rico. At all times relevant to this proceeding, respondent maintained a registered business address within this Department.[1]
On April 10, 2012 (95 AD3d 289 [2012]), this Court indefinitely suspended respondent, pursuant to Judiciary Law § 90 (2-a), based upon his failure to meet his child support obligations. Pursuant to our order, respondent is to remain suspended until such time as this Court is notified by the Superior Court of Puerto Rico that he has satisfied all child support arrears.
The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, suspending respondent for two years predicated upon similar discipline imposed by the U.S. District Court for the District of Puerto Rico.
According to the Committee, it only learned of the two-year suspension imposed by the District Court after it had commenced the previous proceeding seeking respondent’s suspension based upon child support arrears. The Committee further explains that respondent appealed the July 2011 District Court order imposing his disciplinary suspension to the U.S. Court of Appeals for the First Circuit (which was affirmed in March 2012), and that the Committee waited for the appeal to be decided before pursuing the instant petition for reciprocal discipline.[2] _
On July 21, 2011, the U.S. District Court for the District of Puerto Rico issued an order suspending respondent for two years for misconduct committed before the court and in a related bankruptcy proceeding. The District Court found, among other things, that respondent withheld discovery material which created needless litigation, failed to disclose the bankruptcy *136 proceeding to the District Court, and failed to disclose his client’s standing to sue in the District Court after the commencement of the bankruptcy proceeding, in violation of ABA Model Rules of Professional Conduct rules 1.1 (proscribing incompetent representation); 3.3 (a) (1) (proscribing false statements of fact or law to a tribunal); 3.4 (d) (requiring reasonably diligent efforts to comply with legally proper discovery requests from an opposing party); 4.1 (a) and (b) (proscribing false statements of law and fact to a third person, and failure to disclose a material fact to a third person when necessary to avoid assisting a client in criminal or fraudulent activity); and 8.4 (a), (c) and (d) (prohibiting conduct which: violates or attempts to violate a disciplinary rule; involves dishonesty, fraud, deceit or misrepresentation; and which is prejudicial to the administration of justice).
Respondent appealed the District Court’s suspension order to the U.S. Court of Appeals for the First Circuit, which, by order entered March 14, 2012, affirmed the District Court, and also reciprocally suspended respondent before that court for two years.
While respondent has not appeared nor asserted any of the defenses of reciprocal discipline enumerated at 22 NYCRR 603.3 (c) to wit: lack of notice and opportunity to be heard in the foreign jurisdiction; infirmity of proof; and the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York, no such defenses are available.
Respondent received notice of the complaint against him, testified at a hearing before the magistrate judge, submitted a response in opposition to the magistrate judge’s report, and took an appeal to the First Circuit. In addition, the magistrate judge’s and District Court’s findings are amply supported by court records and respondent’s testimony.
Furthermore, respondent was found to have violated, among others, Model Rules 1.1, 3.3 (a) (1), 4.1 (a) and (b), and 8.4 (a), (c) and (d), each of which has a corresponding New York rule, thereby satisfying the third prong of the reciprocal discipline test (see New York Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1, 3.3 [a] [1]; 4.1; and 8.4 [a], [c] and [d]).
Thus, the only issue for this Court to decide is the appropriate sanction to be imposed. As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges are initially brought (see Matter of Kulcsar, 98 AD3d 161, 166 [1st *137 Dept 2012]; Matter of Sobolevsky, 96 AD3d 60, 62 [1st Dept 2012]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
In addition, a two-year suspension is in accord with this Court’s precedent involving similar misconduct (see Matter of Shearer, 94 AD3d 128 [1st Dept 2012] [respondent suspended for 2V2 years for misconduct involving, among other things, filing a retainer statement with the Office of Court Administration containing false statements, filing documents with the court containing false statements, and failing to disclose a material fact to the court]; Matter of Cohen, 40 AD3d 61 [1st Dept 2007] [respondent, who backdated an immigration filing, suspended for two years]; Matter of Lowden, 44 AD3d 200 [1st Dept 2007] [respondent, suspended in Ohio for two years for, among other things, filing false documents with the court, also suspended in New York for two years]).
Given that respondent has defaulted on this motion and his misconduct involved intentional misrepresentations to two federal courts, respondent should be reciprocally suspended from the practice of law effective the date hereof.
Accordingly, the Committee’s petition should be granted, and respondent suspended from the practice of law in the State of New York for a period of two years, and until further order of this Court.
Gonzalez, EJ., Acosta, Saxe, Moskowitz and Freedman, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of two years, effective the date hereof, and until further order of this Court.

. Respondent pro se has not appeared in this proceeding. In May 2012, the Departmental Disciplinary Committee (DDC) served respondent with its petition at his New York address. According to the Office of Court Administration, however, respondent changed his registered address to San Juan, Puerto Rico in April 2012. The DDC re-served respondent at his Puerto Rico address.

. Respondent did not notify this Court of his suspension in Puerto Rico, as required by 22 NYCRR 603.3 (d).