[61 NYS3d 342]

In the Matter of ALAN R. BIANCO (Admitted as A. RICHARD BI-ANCO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 27, 2017

**APPEARANCES OF COUNSEL**

*Catherine A. Sheridan*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated May 9, 2017, the matter was referred to the Grievance Committee for the Tenth Judicial District to conduct a hearing upon notice to the respondent for the sole purpose of determining whether there exists proof, as of the date of the hearing, that full payment of all child support arrears established by the order of the Family Court, Nassau County, dated September 16, 2016, has been made.

On May 22, 2017, the Grievance Committee served the respondent with a notice pursuant to Judiciary Law § 90 (2-a) (b), which advised him that a hearing would be held at its offices on June 20, 2017, for the sole purpose of determining whether there exists, as of the date of the hearing, proof that full payment of all child support arrears established by the order of the Family Court, Nassau County, had been paid. The respondent was further informed of the statutory requirements regarding proof of payment, and that his default in appearing for the hearing shall be deemed an admission that payment has not been made, and shall result in this Court taking action authorized by Judiciary Law § 90 (2-a).

In June 2017, the respondent served an affirmation in opposition, in which he advised, inter alia, that all child support arrears have not been paid as he has no assets or savings and is unable to work due to his medical conditions. Further, the respondent advised that he would not appear for the hearing, and requested the Grievance Committee to postpone any action regarding his license until his appeal of the Family Court order is heard.

By letter dated June 15, 2017, the Grievance Committee advised the respondent that the hearing would not be adjourned. Once again, the respondent was advised that his failure to appear at the hearing would result in a default, which shall be deemed an admission that payment has not been made and shall result in this Court taking action authorized by Judiciary Law § 90 (2-a).

On June 20, 2017, a hearing was convened before three members of the Grievance Committee. The respondent failed to appear at the hearing. By a report dated June 20, 2017, the Grievance Committee notified the Court that the respondent failed to appear at the hearing, and failed to present proof that full payment of all child support arrears had been made as required by Judiciary Law § 90 (2-a) (b).

We find that the respondent was duly served with a notice of the hearing pursuant to Judiciary Law § 90 (2-a) (b). In his affirmation in opposition, the respondent admitted that the arrears had not been paid, but claimed that he could not pay the arrears, inter alia, based upon an inability to work and lack of assets. Nevertheless, as provided for in Judiciary Law § 90 (2-a) (b), "[t]he only issue to be determined as a result of the hearing is whether the arrears have been paid. No evidence with respect to the appropriateness of the court order or ability of the respondent party in arrears to comply with such order shall be received or considered by the disciplinary committee." Further, we find the respondent's request to refrain from taking any action concerning his license to be unsupported by Judiciary Law § 90 (2-a) (d) which, in pertinent part, states that "the license to practice law in this state of an attorney admitted to practice shall be suspended by the appellate division if, at the hearing provided for by paragraph b of this subdivision, the licensed attorney fails to present proof of payments as required by such subdivision."

Here, we conclude that the procedural requirements under Judiciary Law § 90 (2-a) (b) were satisfied, and the respondent failed to appear at the hearing and present proof that full payment of all child support arrears as established by the Family Court's order dated September 16, 2016, to be due have been paid. Accordingly, on the Court's own motion, effective immediately, pursuant to Judiciary Law § 90 (2-a) (d), the respondent is suspended from the practice of law (*see Matter of Updegraff*, 242 AD2d 119 [1998]).

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that, on the Court's own motion, pursuant to Judiciary Law § 90 (2-a) (d), effective immediately, the respondent, Alan R. Bianco, admitted as A. Richard Bianco, is suspended from the practice of law for an indefinite period, and until further order of the Court; and it is further,

Ordered that, pursuant to Judiciary Law § 90 (2-a) (d), the suspension shall not be lifted unless the Family Court, Nassau County, issues notice to this Court that full payment of all child support arrears established by that court's order dated September 16, 2016, to be due have been paid; and it is further,

Ordered that the respondent, Alan R. Bianco, admitted as A. Richard Bianco, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Alan R. Bianco, admitted as A. Richard Bianco, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Alan R. Bianco, admitted as A. Richard Bianco, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).