[61 NYS3d 350]

In the Matter of TODD MICHAEL ROBERTS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 4, 2017

## APPEARANCES OF COUNSEL

*Gary Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated May 25, 2017, this matter was referred to the Grievance Committee for the Ninth Judicial District to conduct a hearing upon notice to the respondent for the sole purpose of determining whether there exists proof, as of the date of the hearing, that full payment has been made of all child and spousal support arrears established by the order of the Family Court, Suffolk County, dated February 27, 2017.

On June 5, 2017, the Grievance Committee served the respondent with a notice pursuant to Judiciary Law § 90 (2-a) (b), which advised him that a hearing would be held at the Grievance Committee offices on June 22, 2017, for the sole purpose of determining whether there exists, as of the date of the hearing, proof that full payment has been made of all child and spousal support arrears established by the Family Court order. The respondent was further notified of the statutory requirements regarding proof of payment, and that his default in appearing for the hearing shall be deemed an admission that payment has not been made, and shall result in this Court taking action authorized by Judiciary Law § 90 (2-a).

On June 22, 2017, a hearing was convened before a subcommittee of the Grievance Committee. The respondent failed to appear at the hearing. By a report dated June 28, 2017, the Grievance Committee notified this Court that the respondent failed to appear at the hearing, and failed to present proof that full payment has been made of all child and spousal support arrears as required by Judiciary Law § 90 (2-a) (b).

We find that the procedural requirements under Judiciary Law § 90 (2-a) (b) were satisfied, and the respondent failed to appear at the hearing and present proof that full payment has been made of all child and spousal support arrears established by the Family Court order. Pursuant to Judiciary Law § 90 (2-a) (d), "the license to practice law in this state of an attorney admitted to practice shall be suspended by the appellate divi-

sion if, at the hearing provided for by paragraph b of this subdivision, the licensed attorney fails to present proof of payments as required by such subdivision."

Accordingly, effective immediately, pursuant to Judiciary Law § 90 (2-a) (d) the respondent is suspended from the practice of law (see Matter of Updegraff, 242 AD2d 119 [1998]).

ENG, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that, on the Court's own motion, pursuant to Judiciary Law § 90 (2-a) (d), effective immediately, the respondent, Todd Michael Roberts, is suspended from the practice of law for an indefinite period, and until further order of the Court; and it is further,

Ordered that pursuant to Judiciary Law § 90 (2-a) (d), the suspension shall not be lifted unless the Family Court, Suffolk County, issues notice to this Court that full payment has been made of all child and spousal support arrears established by that court's order dated February 27, 2017, to be due; and it is further,

Ordered that the respondent, Todd Michael Roberts, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Todd Michael Roberts, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Todd Michael Roberts, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).