Matter of Stein (2019 NY Slip Op 01606)





Matter of Stein


2019 NY Slip Op 01606


Decided on March 6, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SYLVIA O. HINDS-RADIX, JJ.


2018-11860 

[*1]In the Matter of Marc A. Stein, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Marc A. Stein, respondent. (Attorney Registration No. 4185062)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on November 21, 2003. In a matrimonial action entitled Stein v Stein, in the Supreme Court, Nassau County, under Index No. 203216/13, by order entered October 10, 2018, it was determined that the respondent had accumulated unpaid child support arrears equivalent to or in excess of the amount of current support due for a period of four months, and the matter was referred to this Court pursuant to Domestic Relations Law § 244-c. By decision and order on motion of this Court dated October 29, 2018, the matter was referred to the Grievance Committee for the Tenth Judicial District to conduct a hearing pursuant to Judiciary Law § 90(2-a)(b).



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
By decision and order on motion of this Court dated October 29, 2018, the matter was referred to the Grievance Committee for the Tenth Judicial District to conduct a hearing upon notice to the respondent for the sole purpose of determining whether there existed proof, as of the date of the hearing, that full payment of all child support arrears established by the order of the Supreme Court, Nassau County, entered October 10, 2018, had been made.
On November 8, 2018, the Grievance Committee served the respondent with a notice pursuant to Judiciary Law § 90(2-a)(b), which advised him that a hearing would be held at its offices on December 3, 2018, for the sole purpose of determining whether there existed, as of the date of the hearing, proof that full payment of all child support arrears established by the order of the Supreme Court, Nassau County, had been made. The respondent was further informed of the statutory requirements regarding proof of payment, and that his default in appearing for the hearing would be deemed an admission that payment had not been made, and would result in this Court taking action authorized by Judiciary Law § 90(2-a).
On December 3, 2018, a hearing was convened before three members of the Grievance Committee. The respondent failed to appear at the hearing. By a report dated December 18, 2018, the Grievance Committee notified this Court that the respondent failed to appear at the hearing, and failed to present proof that full payment of all child support arrears had been made as required by Judiciary Law § 90(2-a)(b).
We find that the procedural requirements under Judiciary Law § 90(2-a)(b) were satisfied, and the respondent failed to appear at the hearing and present proof that full payment of [*2]all child support arrears as established by the Supreme Court, Nassau County, entered October 10, 2018, have been paid. Pursuant to Judiciary Law § 90(2-a)(d), "the license to practice law in this state of an attorney admitted to practice shall be suspended by the appellate division if, at the hearing provided for by paragraph b of this subdivision, the licensed attorney fails to present proof of payments as required by such subdivision."
Accordingly, on the Court's own motion, effective immediately, pursuant to Judiciary Law § 90(2-a)(d), the respondent is suspended from the practice of law (see Matter of Roberts, 154 AD3d 204; Matter of Bianco, 154 AD3d 167; Matter of Updegraff, 242 AD2d 119).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, JJ., concur.
ORDERED that, on the Court's own motion, pursuant to Judiciary Law § 90(2-a)(d), effective immediately, the respondent, Marc A. Stein, is suspended from the practice of law for an indefinite period, and until further order of the Court; and it is further,
ORDERED that, pursuant to Judiciary Law § 90(2-a)(d), the suspension shall not be lifted unless the Supreme Court, Nassau County, issues notice to this Court that full payment of all child support arrears established by that court's order entered October 10, 2018, have been paid; and it is further,
ORDERED that the respondent, Marc A. Stein, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Marc A. Stein, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Marc A. Stein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court