Matter of Parham (2020 NY Slip Op 01435)





Matter of Parham


2020 NY Slip Op 01435


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

PM-37-20

[*1]In the Matter of Eric M. Parham, an Attorney. (Attorney Registration No. 3996030.)

Calendar Date: February 10, 2020

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2001 and currently lists a St. Lawrence County business address with the Office of Court Administration. By December 17, 2019 order, the Family Court of St. Lawrence County (Bessette, S.M.) determined, following hearings at which respondent appeared, that respondent has an existing child support obligation of $661.90 per month and is in arrears with regard to his child support obligation in the amount of $36,944.03 as of April 25, 2019.[FN1] Upon our conclusion that Family Court's order established that respondent's child support arrearages exceeded "the amount of support due pursuant to court order for a period of four months" (Family Ct Act § 458-b [a]; accord Domestic Relations Law § 244-c [a]), we thereafter directed that a hearing subcommittee of the Attorney Grievance Committee for the Third Judicial Department be convened for a hearing pursuant to Judiciary Law § 90 (2-a) (see Rules of App Div, 3d Dept [22 NYCRR] § 806.25 [a]). Respondent was noticed of the hearing and of his right to appear and provide the requisite proof that full payment of all arrears established by Family Court's order has been made (see Judiciary Law § 90 [2-a] [b]). Our order further provided that no evidence with respect to the appropriateness of Family Court's order or the ability of respondent to comply with such order would be received or considered by the hearing subcommittee. Finally, respondent was advised that his failure to appear before the hearing subcommittee or submit the requisite proof would subject him to immediate suspension.
On February 6, 2020, the hearing was held and respondent personally appeared and introduced certain documents into evidence. Thereafter, the subcommittee reported to this Court that respondent had failed to submit the proof of payment required by Judiciary Law § 90 (2-a) (b) and, upon our review of the documentation submitted by respondent, we agree. We find that the statutory procedural requirements have been satisfied by the conduct of the hearing in this matter and, further, that respondent failed to present evidence at the hearing proving that full payment has been made of all arrears established by Family Court's order (see Matter of Stein, 170 AD3d 80, 81 [2019]; Matter of Bianco, 154 AD3d 167, 168-169 [2017]). Accordingly, respondent is suspended from the practice of law, effective immediately and until further order of this Court (see Judiciary Law § 90 [2-a] [d]).
Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that, upon the Court's own motion, respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that respondent's suspension shall not be lifted unless the Family Court of St. Lawrence County or the St. Lawrence County Child Support Collection Unit issues notice to this Court establishing that full payment has been made of all child support arrears set forth in the December 17, 2019 order of Family Court (Bessette, S.M.); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Family Court's order came upon a petition seeking registration and enforcement of certain out-of-state child support orders concerning respondent's child (born in 2005) (see generally Family Ct Act art 5-B).